UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEENA L. HORNER, Individually and as ADMINISTRATRIX OF THE ESTATE OF MICHAEL A. HORNER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH D. CUMMINGS, COLLINS TRUCKING, INC., BRAD L. COLLINS, DAIMLER TRUCKS OF NORTH AMERICA, LLC and FREIGHTLINER, LCC,<br><br>Defendants. | Civ. No.: 14-cv-639<br><br>Judge John E. Jones, III<br><br>Document Electronically Filed |

# WRITTEN STATEMENT OF APPEAL

Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.2, Defendant Daimler Trucks North America LLC (improperly sued as "Daimler Trucks of North America, LLC" and "Freightliner, LLC") (hereinafter "DTNA") hereby objects to Magistrate Judge Joseph F. Saporito, Jr.'s July 29, 2015 Order. Specifically, DTNA objects to the following portions of Judge Saporito's Order:

1. DTNA objects to paragraph 1A of the July 29, 2015 Order directing DTNA to produce "discovery concerning (i) commercial tractor-trailer truck models beyond the subject truck, the 2007 Freightliner CL-120

1

Class 8 tractor, (ii) tractor-trailer trucks designed and manufactured for United States military use, and (iii) the Freightliner 'Revolution' concept truck." Dkt. 99, ¶ 1A.  The bases for DTNA's objection are as follows:

> As set forth more thoroughly in DTNA's Brief in Support of Its Objections to Magistrate Judge Joseph F. Saporito, Jr.'s July 29, 2015 Order (hereinafter "DTNA Brief"), Plaintiff cannot obtain discovery concerning other tractor models unless she can demonstrate that the other models are (1) substantially similar to the subject model; (2) reasonable substitutes for the subject model; and (3) potentially safer than the subject model. Plaintiff failed to satisfy any of these requirements and, therefore, is not entitled to discovery concerning other tractor models. Accordingly the Order compelling such discovery is clearly erroneous and contrary to law *See* DTNA Brief, Point I.

2.  DTNA objects to paragraph 1C of the July 29, 2015 Order directing DTNA to produce "discovery of post-crash accident investigation relating to fuel-fed fires not only for DTNA's Class 8 tractor trailers with side-saddle fuel tanks, but also for those vehicle types identified in paragraph 1A of this order from 1985 through 2007."  Dkt. 99, ¶ 1C.  The bases for DTNA's objection are as follows:

> Plaintiff is not entitle to discovery relating to other accidents involving other vehicle designs because she has not met her burden to demonstrate (1) that the other vehicle designs are substantially similar to the subject vehicle and (2) that the circumstances surrounding the other accidents are substantially similar to the accident at issue here.  Moreover, Plaintiff's

expert's testimony concerning studies and statistics relating to tractor accidents, upon which the Magistrate Judge relied heavily, is irrelevant to the issue of whether Plaintiff is entitled to discovery concerning other accidents. Finally, the Order compelling discovery of 22 years of post-crash accident investigation ignores well-settled case law and is unduly burdensome. Consequently, this aspect of the Order is clearly erroneous and contrary to law, and should be overturned. *See* DTNA Brief, Point II.

3. DTNA objects to paragraph 1D of the July 29, 2015 Order directing DTNA to produce "discovery for cost information per vehicle of the side-saddle fuel tanks and the mounting devices/hardware not only for DTNA's Class 8 commercial tractor trailers with side-saddle fuel tanks, but also for those vehicle types identified in paragraph 1A of this order." Dkt. 99, ¶ 1D. The basis for DTNA's objection to this Order is as follows:

> The aspect of the Order compelling discovery of cost-information is clearly erroneous for three reasons. First, Plaintiff did not even request much of this information in her discovery demands. Second, Plaintiff is not entitled to discovery concerning dissimilar tractor models. Third, none of this information is relevant because it will not provide insight as to the cost of added components, which is what is required to perform a "risk utility calculus." *See* DTNA Brief, Point III.

For these reasons, DTNA respectfully requests that the Court overturn Parts 1A, 1C and 1D of Magistrate Judge Joseph Saporito Jr.'s July 29, 2015 Order.

Respectfully submitted,

DATED: August 26, 2015

**WEBSTER SZANYI LLP**
Attorneys for Defendant
Daimler Trucks North America LLC
(formerly known as Freightliner LLC)

By: *s/ Thomas S. Lane*
    Kevin A. Szanyi (*pro hac vice*)
    Thomas S. Lane (*pro hac vice*)
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
kszanyi@websterszanyi.com
tlane@websterszanyi.com

and

Walter F. Casper, Jr., Esq.
 (PA Bar No. 59494)
35 South Church Street
P.O. Box 513
Carbondale, PA 18407
(570) 282-6910

TO: **COUGHLIN & GERHART, LLP**
Robert R. Jones, Esq.
 Attorneys for Plaintiff
99 Corporate Drive
PO Box 2039
Binghamton, New York 13902
(607)-723-9511

**THOMAS, THOMAS & HAFER, LLP**
Todd B. Narvol, Esq.
Attorneys for Defendants Collins Trucking, Inc. and Brad L. Collins
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

**CONNORS LAW, LLP**
Kevin Connors, Esq.
Attorneys for Defendant Joseph D. Cummings
140 S. Village Avenue
Suite 120
Exton, PA 19341